lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-40108-JAR** |
| | ) | |
| **ERICA LEE CEPEDA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Defendant Erica Lee Cepeda pled guilty to one count of possession of cocaine and marijuana with the intent to distribute.[1]  Defendant was sentenced on January 12, 2009, to sixty-months' imprisonment, which represents a variance downward to the mandatory minimum for her offense.  Defendant did not file a direct appeal.  On August 30, 2010, defendant mailed a letter to the district court, asking the Court to reconsider her sentence and grant early release in light of her successful completion of the Residential Drug Abuse program (RDAP) (Doc. 197). In view of defendant's *pro se* status, the Court construes her letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c).[2]  As explained below, the motion is denied.

Defendant asks the Court to modify and reduce her sentence upon consideration of her completion of the RDAP program, and contends that former counsel advised her that she would

---

[1](Doc. 168.)

[2]District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.  *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)).

receive a one-year reduction in her sentence upon completion of the program.  Defendant further

states that she is not eligible for the reduction because of the gun enhancement to her sentence,

and asks the Court to "drop" the enhancement.

"A district court does not have inherent authority to modify a previously imposed

sentence; it may do so only pursuant to statutory authorization."[3]  As the Tenth Circuit

explained:

> A district court is authorized to modify a Defendant's sentence
> only in specified instances where Congress has expressly granted
> the court jurisdiction to do so.  Section 3582(c) of Title 18 of the
> United States Code provides three avenues through which the
> court may "modify a term of imprisonment once it has been
> imposed."  A court may modify a sentence: (1) in certain
> circumstances "upon motion of the Director of the Bureau of
> Prisons"; (2) "to the extent otherwise expressly permitted by
> statute or by Rule 35 of the Federal Rules of Criminal Procedure";
> or (3) "upon motion of the defendant or the Director of the Bureau
> of Prisons," or on the court's own motion in cases where the
> applicable sentencing range "has subsequently been lowered by the
> Sentencing Commission."[4]

If the defendant's argued basis does not fall within one of these three limited avenues under

§ 3582(c), the Court is without jurisdiction to consider the defendant's request.[5]  None of the

avenues set forth above apply to this case.  Although the Court commends defendant for her

rehabilitative efforts and accomplishments since her conviction, it does not find that it has the

power to reduce defendant's sentence.  Defendant's motion must be denied.

---

[3]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[4]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted).
Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the
Tenth Circuit's analysis.

[5]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for reduction of sentence (Doc. 197) is DENIED.

**IT IS SO ORDERED.**

Dated: September 15, 2010

 S/ Julie A. Robinson

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE